Judge Mills
delivered the Opinion of the Court.
This action is covenant, and verdict and judgment for the plaintiff below. The covenant reads thus:—
Articles of a-groement sued on.
Declaration.
Plea and demurrer sustained.
Where it was stipulated between the overseer and employer, at n certain sum. for the year, ond' that either might be oil' at any time, and the money should be paid at the ond of the year—held, the overseer should be paid pro rata —that in Such case, the pliiintiff must iivor performance of the whole year’s service in his deola-hition, if he would recover for the whole, or if for part, he must aver part performance; and not for the whole year. To aver part performance, in the replication, is a departure in pleading.
*324 “Articles of agreement, made and entered into between John Wales and E. W. Alexander, witness-! eth, that the said Wales agrees to serve him as an overseer, and do any work that may be necessary to do on the farm for the present year. For which said Alexander agrees to give him one hundred and seventy-five dollars in Commonwealth’s bank paper, or the half in specie, and that either of the parties can be bff at any time, and should they separate, it is understood, that the money is not to be paid till the eudof the year.”
The only averment made by Wales in his declaration is, “that on his part he has well and truly and faithfully kept and performed, in all things, his said covenant by him to have been done and performed.” He assigns the non-payment of the $175 in paper or the half in specie.
Alexander pleaded that Wales did not serve him the whole year in the capacity of an overseer, as he had declared; To this Wales demurred, andliis demurrer was sustained;
It is evident that the services of the plaintiff was a precedent condition on his part, and if his averment in his declaration means any tiling, it was that he had served ihe whole year, and therefore, the plea was a good answer to the averment. We have no doubt that the proper construction of the covenant is, that if the services were performed for part of the year only, the plantiff could recover ratea-bly, or if he performed ihe whole, he could recover for the whole wagés.
But if he went for the whole, he was bound to aver, substantially, an entire performance, tf impart only, then he was bound to aver a part performance. On the averment of the whole service performed, he could not recover for part, and on the averment for part performance, he could not recover the whole sum; and his declaration ought to show by his averment, whether he went for part or the whole; and as the best construction we are able to place on his 'declaration is, that he had performed the whole, the plea was good.
Averment of the performance “of all things on the part of plaintiff to be performed,” not su'Kcient to embrace the performance of a condition precedent.
Leave for plaintiff to a-mcrm his declaration.
kMayes, for appellant.
Hence tbe impropriety of another part of his pleadings is manifest, in which he abandons by replication, an entire performance, and sets out a partial one.
But we cannot admit the averment in his declaration to be good. The performance of a precedent condition must be averred substantially, or an excuse for non-performance, in a manner so conformable to the meaning and intent of the covenant, that the other can traverse it, and be fully apprised of what is demanded. The general averment of performance of all things, on the part of the plaintiff, is too uncertain. In one event, that is of his continuance, and no change of mind on part of the defendant, his duties to be performed, were of one character and duration. In the event of either disagreeing to the bargain, then the performance on his part, was to be different, and the declaration is too indefinite. It leaves it uncertain as to what was the things performed on his part, or what event had happened, and reserves the right of insisting on either the whole or a part of the service.
The judgment is therefore reversed with costs, and the verdict set aside, arid the cause remanded with directions to enter judgment on the demurrer for the defendant below, unless he shall obtain leave to withdraw his demurrer and to amend his declaration, so us to insert a good performance of the precedent condition on his part to be performed, either in whole or part.